IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEON LEE MEYERS,                        No. C-09-4643 TEH (PR)

    Plaintiff,

    v.                                  ORDER OF SERVICE

ALAMEDA COUNTY PRISON HEALTH
SERVICES, et. al.,

    Defendants.
_____/

Plaintiff Leon Lee Meyers, an inmate currently housed at the Alameda County Jail, Santa Rita Facility, in Dublin, California, has filed an amended pro se Complaint under 42 U.S.C. § 1983 alleging that two medical officials at that facility were deliberately indifferent to his serious medical needs. Plaintiff seeks damages.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or

officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
The court must identify cognizable claims or dismiss the complaint,
or any portion of the complaint, if the complaint "is frivolous,
malicious, or fails to state a claim upon which relief may be
granted," or "seeks monetary relief from a defendant who is immune
from such relief."  Id. § 1915A(b).  Pleadings filed by pro se
litigants, however, must be liberally construed.  <u>Balistreri v.
Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must
allege two essential elements:  (1) that a right secured by the
Constitution or laws of the United States was violated, and (2) that
the alleged violation was committed by a person acting under the
color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Deliberate indifference to serious medical needs violates
the Eighth Amendment's proscription against cruel and unusual
punishment.[1]  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  A
"serious medical need" exists if the failure to treat a prisoner's
condition could result in further significant injury or the
"unnecessary and wanton infliction of pain."  <u>McGuckin v. Smith</u>, 974
F.2d 1050, 1059 (9th Cir. 1992) (citing <u>Estelle</u>, 429 U.S. at 104),
overruled in part on other grounds by <u>WMX Technologies, Inc. v.
Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison

---

[1]  Plaintiff is housed in the Alameda County Jail; it remains unclear from his pleading whether or not he is a pretrial detainee. Assuming Plaintiff is a pretrial detainee, his medical claim arises under the Due Process Clause, but the Eighth Amendment still serves as a benchmark for evaluating the claim.  See <u>Carnell v. Grimm</u>, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment guarantees provide minimum standard of care for pretrial detainees).

2

official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Liberally construed, Plaintiff's allegations appear to state a cognizable § 1983 claim for deliberate indifference to his serious medical needs, and Defendants Adams and Bowers will be served.

Named Defendant Alameda County Sheriff Gregory Ahern is hereby DISMISSED because he is named as a defendant only under the theory of respondeat superior, which is insufficient to establish liability. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (there is no respondeat superior liability under § 1983, i.e., there is no liability simply because one is responsible for the actions or omissions of another).

II

For the foregoing reasons and for good cause shown:

1.  Alameda County Sheriff Gregory Ahern is hereby DISMISSED as a Defendant in the instant action.

2.  The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the Amended Complaint (Doc. #9) in this matter, all attachments thereto, and copies of this Order on Alameda County Santa Rita Jail Dentist Adams and Alameda County Santa Rita Jail L.V.N. Lynn C. Bowers. The Clerk also shall serve a copy of this Order on Plaintiff.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than ninety (90) days from the date of this Order, Defendants shall file a Motion for Summary Judgment or other dispositive motion. A Motion for Summary Judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date their motion is due. All papers filed with the Court shall be served promptly on Plaintiff.

   b. Plaintiff's Opposition to the dispositive motion shall be filed with the Court and served upon Defendants no later than thirty (30) days after Defendants serve Plaintiff with the motion.

   c. Plaintiff is advised that a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or

other sworn testimony), you cannot simply rely on what your Complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

        Plaintiff also is advised that a Motion to Dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendants in their Motion to Dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        d.    Defendants shall file a reply brief within fifteen (15) days of the date on which Plaintiff serves them with the opposition.

        e.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

        4.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before

1 | the parties may conduct discovery.

2 |      5.   All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED  01/13/10

_____
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.09\Meyers-09-4643-order of service.wpd