IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON LEE MEYERS, | No. C-09-4643 TEH (PR) |
|     Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT LYNN BOWERS'S MOTION FOR SUMMARY JUDGMENT |
|     v. | |
| ALAMEDA COUNTY PRISON HEALTH SERVICES, et al., | |
|     Defendants. | (Doc. ##16 & 19) |

Plaintiff Leon Lee Meyers ("Plaintiff"), an inmate[1] at Salinas Valley State Prison, Soledad, California, has filed an amended pro se civil rights action under 42 U.S.C. section 1983 ("section 1983"), alleging deliberate indifference to his serious medical needs. Doc. #7. Specifically, Plaintiff alleges that Defendant

---

[1] At the time he filed his first amended complaint ("FAC"), Plaintiff was housed in the Alameda County Jail. It remains unclear from Plaintiff's pleadings whether he was a pretrial detainee. Assuming Plaintiff was a pretrial detainee, his medical claim arises under the Due Process Clause, but the Eighth Amendment serves as a benchmark for evaluating the claim. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment guarantees provide minimum standard of care for pretrial detainees).

Adams, a dentist at Santa Rita Jail, Dublin, California, refused to give him a root canal and offered only to extract the tooth causing him pain. Doc. #7 at 5-8. Plaintiff also alleges that Defendant Bowers, a nurse at the facility, refused to treat him for an earache and problems with urination, and refused to discontinue his diabetic diet. Doc. #7 at 8-12.

This Court previously held that Plaintiffs allegations, liberally construed, state a cognizable section 1983 claim for deliberate indifference and ordered the United States Marshal to serve Defendants Adams and Bowers. Doc. #10. The Court dismissed claims against Alameda County Sheriff Gregory Ahern. The Court did not dismiss claims against Defendant Prison Health Services, Santa Rita County Jail, County of Alameda, yet Plaintiff does not allege that this defendant's policies or customs caused him harm, as is required to state a claim against local governments. See <u>Ybarra v. Reno Thunderbird Mobile Home Village</u>, 723 F.2d 675, 681 (9th Cir. 1984). Defendant Prison Health Services, Santa Rita County Jail, County of Alameda is therefore DISMISSED pursuant to the Court's power to screen a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a), (b).

With regard to Defendant Adams, Plaintiff concedes that Dr. Adams is not the dentist who allegedly violated Plaintiff's constitutional rights. Doc. #20. Furthermore, Plaintiff did not provide sufficient information with which to effectuate service upon Defendant Adams. Doc. #15. Accordingly, claims against Defendant

Adams are hereby DISMISSED. Should Plaintiff wish to file suit against the correct dentist, identified as Dr. J. Barber (Doc. #24), he is free to do so.

The remaining defendant, Lynn Bowers ("Defendant"), moved for summary judgment on the grounds that Plaintiff has not demonstrated that there are any material facts in dispute and that therefore, she is entitled to summary judgment as a matter of law. Doc. #19. Plaintiff has filed an opposition and Defendant has filed a reply. Doc. ## 21 & 25.

Plaintiff has two motions pending. He filed a motion for summary judgment on his claims that Defendant violated his Eighth Amendment rights. See Doc. #16. Defendant filed an opposition and Plaintiff filed a reply. See Doc. ## 19 & 21. Plaintiff has also filed a motion for sanctions against Defendant (Doc. #32) pursuant to Rule 56(g) of the Federal Rules of Civil Procedure based upon his claim that Defendant's affidavit in support of her motion for summary judgment (Doc. #19) was made in bad faith. As set forth below, the Court defers ruling on this motion pending mediation proceedings and a report and recommendation from Magistrate Judge Vadas.

I

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. See id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Id. On an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323. To defeat summary judgment on a claim that defendants were deliberately indifferent to a plaintiff's serious medical needs, sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's deliberate indifference." Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

When the parties file cross-motions for summary judgment, the district court must consider all of the evidence submitted in

4

support of both motions to evaluate whether a genuine issue of material fact exists precluding summary judgment for either party. <u>Fair Housing Council of Riverside County, Inc. v. Riverside Two</u>, 249 F.3d 1132, 1135 (9th Cir. 2001).

## II

On August 19, 2009, Plaintiff submitted a medical request form to Prison Health Services.[2] Doc. #21, Ex. A. This form contained the following question: "Tell us below why you want to see health care staff. In the area below, write down anything you want health care staff to know." Doc. #21, Ex. A. In response, Plaintiff wrote: "Hard to urinate, ear ache, need to stop diet." Doc. #21, Ex. A. Defendant initially indicated that she did not see this form, but "[o]n further examination, she has realized this is incorrect because the request form does contain her initials." Doc. #25 at 2.

On August 24, 2009, Plaintiff was seen by Defendant, a nurse in the jail's clinic, in response to his medical request form. Doc. #21, Ex. B. At this visit, Plaintiff told Defendant that he was diabetic and wished to discontinue his diabetic diet. Doc. #21, Ex. B. Defendant then told Plaintiff that she would need to "finger stick" him in order to determine his blood sugar level. Doc. #21, Ex. B. Plaintiff told Defendant that his medical chart would indicate he was diabetic, and therefore, she did not need to test his blood sugar. Doc. #21, Ex. B. Plaintiff refused to submit to the test. Doc. #21, Ex. B. In a grievance form filed after this visit,

---

[2] The facts set forth below are undisputed unless otherwise noted.

5

Plaintiff explained that he wanted to discontinue the diabetic diet because "they have sent me the exact same meal 4 times in a row and they fail[ed] to send my extra snack . . . ." Doc. #21, Ex. D at 1.

Plaintiff states that during this medical visit, he told Defendant that he was experiencing difficulty urinating and had an earache. Doc. #16 at 12. Defendant disputes this allegation, asserting that Plaintiff only told her about his desire to discontinue his diabetic diet, and did not mention any other medical issues he was having at the time. Doc. #19-1 at 2.

Plaintiff and Defendant had subsequent contact at the door of Plaintiff's cell on August 26, 2009. Doc. ##19-1 at 3-4; 22 at ¶¶7-9. The parties agree that the focus of this visit was Plaintiff's diabetes, and whether he would submit to a finger stick. Doc. ##19-1 at 3-4; 7 at 50-51. They disagree as to whether Plaintiff mentioned his earache and urinary problems during the cell visit, but they agree that Defendant did not treat him for an earache or urinary problems then or thereafter. Doc. ##19-1 at 3-4; 7 at 50-51. As of August 28, 2009, Plaintiff had not seen a doctor or other medical staff in response to the earache and urination problems mentioned in his medical request form. Doc. #21, Ex. E. Plaintiff bought medication from other inmates in an attempt to treat his earache. Doc. ##17 at 6 (¶¶ 12, 14); 21 at 20. He "has suffered urinary discomfort and pain" since he first complained of these symptoms. Doc. #17 at ¶13.

After he transferred to San Quentin State Prison, Plaintiff was examined by Jenny Espinoza-Marcus, M.D., of the California Prison Health Care Services at San Quentin. Doc. #29. Dr. Espinoza-Marcus's

notes, dated March 29, 2010, indicate that Plaintiff suffered from chronic kidney disease. Doc. #29 at 5-6. When asked about his urinary symptoms, Plaintiff indicated he was having trouble urinating. Doc. #29 at 5. In the "Assessment/Plan" portion of her notes, Dr. Espinoza-Marcus stated that the etiology of Plaintiff's kidney disease was unclear, but "postobstructive etiology is theoretically possible since [Plaintiff] is endorsing some urinary hesitancy. . . ." Doc. #29 at 6.

In another set of notes dated April 29, 2010, Dr. Espinoza-Marcus indicated that Plaintiff was still having urinary hesitancy. Doc. #29 at 8. Dr. Espinoza-Marcus again stated that the etiology of Plaintiff's chronic kidney disease was unclear, and prescribed ten milligrams of Lisinopril to Plaintiff to treat his kidney disease, indicating she was prescribing this medication for "renal protection." Doc. #29 at 8-9.

Plaintiff filed a complaint in the instant action on September 30, 2009. Doc. #1. This complaint was dismissed with leave to amend on October 13, 2009. Doc. #6. Plaintiff filed a first amended complaint on November 5, 2009. Doc. #7.

III

Plaintiff claims that Defendant violated his Eighth Amendment rights when she was deliberately indifferent to his serious medical needs regarding his diabetic diet, earache, and urination problems. Doc. ##16 & 21. Defendant argues that (1) Plaintiff's medical needs were not serious; (2) she was not deliberately indifferent; and (3) her conduct caused Plaintiff no harm. Doc. ## 19 & 25.

7

**A**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., 974 F.2d at 1059. "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." Id. at 1059-60.

Deliberate indifference is proven "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but she "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). If a prison official should have been aware of the risk, but was not,

8

then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002), cert. denied, Washoe County v. Gibson, 537 U.S. 1106 (2003). The harm caused by the indifference need not be "substantial," McGuckin, 974 F.2d at 1060, but serious harm tends to support a claim of deliberate indifference. Id.

### B

### 1

### Analysis of Plaintiff's Claim Regarding Defendant's Treatment of His Diabetic Diet

Plaintiff's claim that Defendant was deliberately indifferent to his request to discontinue his diabetic diet in violation of the Eighth Amendment does not survive summary judgment. Plaintiff has not shown that his request to discontinue his diabetic diet amounted to a "serious medical need" protected by the Eighth Amendment. In the grievance form he filled out on August 28, 2009, Plaintiff explained that he wanted to discontinue the diet because "they have sent me the exact same meal 4 times in a row and they fail[ed] to send my extra snack . . . ." Doc. #21, Ex. D at 1. Thus he sought out medical care for reasons of personal preference rather than a medical concern regarding the treatment of his diabetes. Plaintiff does not argue or offer evidence showing that Defendant's failure to alter his diet could have resulted in injury or pain, and thus his was not a serious need for medical treatment.

Nor did Defendant's conduct amount to deliberate indifference. It is undisputed that Defendant made several attempts to test

9

1  Plaintiff's blood sugar. Doc. #7 at 42; Doc. #21, Ex. D at 1. While
2  Plaintiff might have disagreed with Defendant's methods, "[a]
3  difference of opinion between a prisoner-patient and prison medical
4  authorities regarding treatment does not give rise to a § 1983
5  claim" based on deliberate indifference.  Franklin v. Oregon, 662
6  F.2d 1337, 1344 (9th Cir. 1981).

   Even when viewed in the light most favorable to Plaintiff, the
8  evidence in the record demonstrates that no reasonable trier of fact
9  could find that Defendant was deliberately indifferent to
10 Plaintiff's serious medical needs in her response to his request to
11 discontinue his diabetic diet. Plaintiff's motion for summary
12 judgment as to Defendant's deliberate indifference to his dietary
13 request is DENIED, and Defendant's motion for summary judgment with
14 regard to same is GRANTED.

2

**Analysis of Plaintiff's Claim Regarding Defendant's Treatment of His Earache and Urinary Problems**

19 Plaintiff claims that Defendant violated his Eighth Amendment
20 rights when she was deliberately indifferent to his request for
21 medical care for his earache and urinary problems. See Doc. ##16 &
22 21. Defendant argues that neither medical issue amounts to a serious
23 medical need because Plaintiff complained of each only once. Doc.
24 #19 at 8. Not only does Defendant not offer authority supporting her
25 argument that a single complaint cannot indicate a serious medical
26 need, but (1) the record shows that Plaintiff complained of these
27 symptoms at least twice, See Doc. #21 at Ex. A, Ex. D at 2, and (2)

10

the question of how many more times Plaintiff complained to Defendant of an earache and urinary problems is in dispute. <u>See</u> Doc. ##19-1 at 2-4; 16 at 12; 7 at 50-51. Defendant also contends that Plaintiff's statements about his medical condition are hearsay, but does not describe these statements or cite to them.[3] Doc. #19 at 8.

    Defendant's summary dismissal of the evidence in the record overlooks its significance under the relevant legal standard. Plaintiff complained of his earache and urinary problems at least twice – once in his medical request form and again four days later in his grievance form. <u>See</u> Doc. #21 at Ex. A, Ex. D at 2. He bought medication from other inmates in an attempt to treat his earache. Doc. ##17 at 6 (¶¶12, 14); 21 at 20. He "has suffered urinary discomfort and pain" since he first complained of these symptoms. Doc. #17 at ¶13. Plaintiff's discomfort – stated and implied from the fact that he sought to self medicate and complained of his symptoms – is some evidence that these were symptoms that required treatment in order to avoid further significant injury or unnecessary and wanton pain. <u>See</u> <u>McGuckin</u>, 974 F.2d at 1059. Plaintiff's own response to his symptoms – self medicating and filing a medical request form and grievance – is some evidence that a reasonable patient would find these symptoms important and worthy

---

[3] In her evidentiary objections, Defendant challenges as hearsay Plaintiff's statements regarding Dr. Espinoza-Marcus's diagnosis of his kidney disease. Doc. #25-1. The Court need not rule on this and Defendant's other objections because the evidence they challenge is not necessary to the Court's analysis. Other evidence precludes ruling in favor of Defendant's summary judgment motion, and the challenged evidence, if the Court had considered it, would not have quieted genuine issues of material fact as to whether Plaintiff's summary judgment motion should prevail.

11

of comment or treatment. See id. at 1059-60. Finally, Defendant incorrectly asserts that she should be granted summary judgment based upon the absence of "competent medical evidence" that Plaintiff suffered an earache and urinary problems at the time he was treated by Defendant. See Doc. ##19 at 8; 25 at 2. While reasonable juries might disagree as to the probative value of Plaintiff's evidence, the fact that Plaintiff does not offer medical proof of the symptoms Defendant failed to treat does not prove that Plaintiff did not experience them.[4] See Doc. #25 at 1; Hardy v. 3 Unknown Agents, 690 F. Supp. 2d 1074, 1093-94 (C.D. Cal. 2010).

Evidence submitted after the briefing period shows that Plaintiff was diagnosed with chronic kidney disease by a doctor at San Quentin some eight months after being treated by Defendant. Doc. #29, Ex. A, B. Defendant has not had an opportunity to respond to this evidence, which appears to have become available to Plaintiff after Defendant filed her reply. Doc. ##27 & 29. This evidence does not influence the Court's ruling on either motion, however, and whether to consider it in spite of its late production need not be addressed. The above analysis shows that even without this evidence, Defendant's motion for summary judgment fails. The evidence also does not conclusively prove that Plaintiff's urinary problems were a serious medical need in August 2009, when Plaintiff was treated by Defendant. Dr. Espinoza-Marcus's notes state that while it is "theoretically possible" that Plaintiff's urinary problems caused

---

[4] In her reply, Defendant states that Plaintiff has offered no evidence that his earache was a serious medical condition, and therefore has abandoned the claim. Doc. #25 at 2 n.1. This is unsupported by the record.

12

his kidney disease, "the etiology is unclear." Doc. #29. Reasonable juries could disagree as to whether the urinary problems Plaintiff complained of in August 2009 were symptoms of chronic kidney disease, which is likely a serious medical need.

Reasonable juries could also disagree as to whether Defendant was deliberately indifferent to Plaintiff's medical needs. Although the parties dispute whether Plaintiff mentioned his earache and urinary problems to Defendant during their two encounters in August 2009, Defendant initialed the medical request form in which Plaintiff complains of an earache and urinary problems. Doc. #21 Ex. A. Reasonable juries could disagree as to whether Defendant's initials on Plaintiff's medical request form indicate that she was subjectively aware of Plaintiff's symptoms when she failed to treat them. See Farmer, 511 U.S. at 837; Gibson, 290 F.3d at 1188. This is particularly true in light of the parties' conflicting accounts of their conversations on August 24 and August 26. Finally, while Plaintiff has not proven that Defendant's inaction caused the harm he describes, a reasonable jury could find that it did. See McGuckin, 974 F.2d at 1060.

Because the parties have raised genuine issues of material fact as to whether Plaintiff's earache and urinary problems were serious medical needs to which Defendant was deliberately indifferent, Plaintiff's and Defendants' motions for summary judgment as to Plaintiff's claims relating to his earache and urinary problems are DENIED. These claims will be referred for mediation proceedings as outlined below.

13

**IV**

For the foregoing reasons, Plaintiff's motion for summary judgment (Doc. #16) is DENIED and Defendant's motion for summary judgment (Doc. #19) is GRANTED IN PART AND DENIED IN PART. Defendant's motion for summary judgment as to Plaintiff's claim regarding Defendant's treatment of his diabetic diet is GRANTED, and this claim is DISMISSED WITHOUT PREJUDICE. Defendant's motion for summary judgment as to Plaintiff's claims that Defendant was deliberately indifferent to his earache and urination problems is DENIED.

Good cause appearing, the instant case will be referred to Magistrate Judge Vadas for mediation proceedings pursuant to the Pro Se Prisoner Mediation Program. The proceedings will consist of one or more conferences as determined by the mediator. The proceedings shall take place within one hundred twenty (120) days of the date this Order is filed. Magistrate Judge Vadas shall coordinate a time and date for the mediation proceedings with all interested parties and/or their representatives and, within ten (10) days after the conclusion of the mediation proceedings, file with the court a report of the mediation proceedings. Failing successful mediation proceedings, the court will consider appointing counsel for Plaintiff and setting a date for trial. The Court defers ruling on Plaintiff's motion for sanctions (Doc. #32) pending review of Magistrate Judge Vadas's report.

The Clerk shall mail a copy of the court file, including a copy of this Order, to Magistrate Judge Vadas in Eureka, California.

Proceedings in this matter are hereby STAYED until further

**14**

order of the court, if necessary, following completion of the mediation proceedings outlined above.

IT IS SO ORDERED.

DATED: 1/24/11

THELTON E. HENDERSON
United States District Judge

N:\Meyers\Meyers-09-4643-order-msj.wpd

15